**The Funes Law Firm**
*Attorneys at Law*
223 E. Flagler Street, Suite 606
Miami, FL 33131
T 305-731-2397 ● F 305 503-8557
info@funeslaw.com ● www.funeslaw.com

October 15, 2015

<u>VIA E-MAIL AND CERTIFIED  U.S. MAIL</u>

Joanna Garcia
Tomer Tal
New Venture Attorneys
101 Church Street, Suite 22
Los Gatos, California 95030

Joseph Lerman
Eli Allen Safdien
LG Capital Funding, LLC
1218 Union Street, Suite #2
 Brooklyn, NY 11225

Daniel Covill
Great Lakes Capital, LLC
112 W. Jefferson Blvd Suite 200
South Bend, Indiana 46601

Samuel Eisenberg
Goldy Greenfield
Ari Goldstein
Adar Bays, LLC
3411 Indian Creek Drive, Suite 403
Miami Beach, Florida 33140

Yakov Borenstein
Union Capital, LLC
338 Crown Street
Brooklyn, NY 11225

Jack Eversull
The Eversull Group
7229 Oakmont Drive
Frisco, Texas 75034

Larson Elmore
18195 Bakers Farm Road
Colorado Springs, CO 80908

Naton Wells, Sr.
Cicero Consulting Group
1858 Briarcliff Manor
New York, NY 10510

      Re:    Civil Theft from Puget Technologies, Inc.; TBD In the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, FL

Ladies and Gentlemen:

Please be advised that this office represents Puget Technologies, Inc. ("PUGE") with regard to its claim against all parties named above, for recovery of funds relating to your illegal and fraudulent collection of funds, in connection to your participation in the Securities Purchase Agreements of PUGE's Convertible notes made with Union Capital, LLC and Adar Bays, LLC.

Pursuant to Florida Statutes, Section 772.11, Civil Remedies for Criminal Practices, demand is hereby being made for damages under this statute in a treble damage amount. Under this section you have 30 days from the receipt of this letter to comply with this demand and be given a written release from further civil liability for the specific act of theft or exploitation covered herein.

**Summary of the Facts**

As you know, PUGE entered into the Securities Purchase Agreements (the "Agreements") with Union Capital and Adair Bays. The Agreements are convertible "death spiral" agreements which include the financing notes with the lenders given above. Under Section 4(f), of page 8 of the Agreements, the "Funding Lockup," clause, PUGE is not allowed to enter into other loans for 30 days.

However, on the same day, January 30, 2015, these lenders entered into both loans through the same attorneys (New Venture Attorneys) in violation of the contract they themselves wrote. Furthermore, on January 28th, the same attorneys (New Venture Attorneys) represented LG Capital Funding in their loan with Puget. In the first two loans Daniel Covill got paid $4,500.00 on each and on the third, Jack Eversull was paid a fee of $2,850.00. Neither of them are registered brokers.

**Civil Theft and Fraud**

Florida Statues § 772.11, allows significant relief for the victims of civil theft and fraud while punishes the perpetrators by imposing significant fines, penalties, costs and attorney's fees. These loans are clearly fraudulent as they contained terms that put them in default from the

beginning. Note that there are substantial penalties for PUGE in these loans if PUGE defaults. By arranging a default on inception, the lenders could bring these penalties into play immediately.

All of the lenders, the attorneys, their agents their co-conspirators given above are responsible for these actions. The huge commissions the lenders paid for these loans are evidence that the lenders knew they were involved in a transaction that was a fraud on the company and paid more to get these fraudulent terms. Additionally, it appears that these lenders were acting in concert as they had common agents and documents.

**Unlicensed Brokers**

This factual case is easily solidified by the fact that the lenders paid huge commissions to unlicensed persons.

The factual case is made even stronger by the fact that these commissions were extortionate. This is evidence that the unlicensed brokers were paid excessive compensation for a transaction in which there was overreaching by the lender. In other words, the lender paid a huge commission, more than FINRA permits, because the lender knew that this was a transaction in which there were excessive profits due to fraud. The excessive commission is evidence of fraud and that the lender was well aware of the fraud.

State securities laws prohibit commissions to unlicensed brokers and the SEC has been pushing this issue as well. Blatant offenses under these laws could be subject to prosecution under both Federal and Florida law. This alone is ground for rescinding these transactions.

**Securities Fraud, including 10b-5**

Further, as these loans were securities, convertible securities, and to the extent they were used to convert into stock, these loans were fraudulent under numerous state and federal securities laws, including SEC Rule 10b-5 which gives a private right of action. These lenders can be sued by the company and its shareholders. Further, Puget Technologies has the right to rescind these conversions because they were void ad initio.

**Damages**

The company has been damaged by paying interest on the loans, by giving these lenders the conversion premium and by stock market price declines.

The company has the right to rescind, to cancel from the beginning a fraudulent transaction, and the company is entitled to any money paid for commissions, legal expenses and any other expenses.

**Constructive Trust**

Further, to the extent the lender made a profit on any sales that were the result of these loans, the company can ask the court to put a constructive trust on these profits with the company being the beneficiary of this constructive trust.

**Punitive Damages**

Punitive damages are clearly called for in unlawful and illegal transactions such as the ones here. This type of overreaching naturally is greatly disfavored.

**Jurisdiction**

While the note may provide for a specific state jurisdiction for governing law and litigation, if the notes are void from the beginning and are rescinded, then these provisions are null and void.

**Demand**

The amount of these notes converted to date aggregate to $56,357.29. As provided in the statute, you have thirty (30) days to comply with this demand. Failure to tender such payment will result in your liability for <u>treble</u> damages in the amount of $169,071.87.

We note that at the present time Adar Bays and Union are now acting in concert with New Venture Attorneys, using questionable and identical attorney opinions from New Venture Attorneys to attempt to convert into an additional 8.5% of Puget Technologies common stock and obtain unrestricted certificates.

Further, we demand that you immediately return any shares of Puget Technologies in your possession and cease conversions into Puget common stock.

In the event that you do not contact my office within thirty (30) days from the date of receipt of this letter, we have been instructed to take any and all action we deem necessary to protect the rights of our clients, including but not limited to institution of suit in the Circuit Court in and for Miami-Dade County, Florida, at which time we will seek the full amount of the damages as well as the award of all accrued interest, costs and attorney's fees incurred in connection with the litigation. Our clients prefer to resolve this matter on an amicable basis, however, that we leave up to you.

                                          GOVERN YOURSELVES ACCORDINGLY,

                                          Alex D. Funes, Esq.